**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                **CRIMINAL ACTION**

**v.**                                       **NO: 25-0025**

**LARRY CASTON JR.**                         **SECTION: C (2)**

**ORDER AND REASONS**

Before the court is a <u>Motion to Suppress Evidence, Statements, and for an Evidentiary Hearing</u> filed by defendant, Larry Caston Jr., on October 27, 2025 (Rec. Doc. 50). The motion is DENIED.

BACKGROUND

The St. Bernard Parish Sheriff's Office was investigating defendant, Larry Caston Jr., based on information from two confidential informants that Caston lived in Algiers but was traveling to St. Bernard Parish in a black pickup truck to deliver drugs. Defendant's address, 808 Whitney Ave, and vehicle were corroborated through surveillance.

On October 1, 2024, a license plate recognition system showed Caston's vehicle entering St. Bernard Parish. Sgt. Scheuermann began surveilling the vehicle. It first stopped at a residence on the corner of Royal and Community Street. After Caston left this residence, Sgt. Scheuermann executed a traffic stop, which is not being challenged.

1

The traffic stop was conducted using lights and sirens. Sgt. Scheuermann testified that defendant delayed stopping and was seen making furtive hand movements towards the passenger side of the vehicle. His training and experience informed him that subjects who delay traffic stops and make furtive hand movements are typically attempting to conceal something. Thus, Sgt. Scheuermann decided to conduct a protective sweep of the vehicle for weapons.

A small zipper-pouch was found, which Sgt. Scheuermann believed could contain a knife or razor blade. Upon opening the pouch, he observed what he described as a strategically wrapped receipt. He noted the receipt was folded and not wadded. He opened the receipt and found three pills, at least one of which defendant said he did not have a prescription for. Having found an illicit drug, further search revealed a clear zip-lock bag containing approximately 34 grams of cocaine located in the seat pocket on the back of the front passenger seat.

Defendant was asked where he was coming from before the traffic stop. He advised his girlfriend's house. A search warrant was obtained and executed for that location and approximately 12 grams of cocaine were discovered.

While in jail, defendant placed a phone call to a woman. She told him that the landlord let her into Caston's residence at 808 Whitney Ave in Algiers, and she got "the money and everything." Sgt. Scheuermann interpreted this to be code for drugs. Sgt. Scheuermann used law enforcement databases to search the phone number,

2

which belonged to Cora Aulder at 806 Whitney Ave (the double next door to Caston). A search warrant was obtained for 806 and 808 Whitney Ave in Algiers. $35,000 cash, four firearms and about 200 grams of cocaine were recovered from 806 Whitney Ave. Approximately two kilograms of cocaine and $1,900 cash was recovered from 808 Whitney Ave.

Defendant moved to suppress all the evidence against him. An evidentiary hearing was held on April 7, 2026.

## ANALYSIS

The Fourth Amendment enshrines the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures. U.S. Const. amend. IV. Generally, police must obtain a warrant before conducting a search. *Kentucky v. King*, 563 U.S. 452, 459 (2011). But the Supreme Court has carved out several exceptions to the warrant requirement, recognizing that some circumstances may render a warrantless search and seizure reasonable. *Illinois v. McArthur*, 531 U.S. 326, 330 (2001).

Here, the warrantless search of Caston's vehicle was justified under the protective-sweep exception. In *Michigan v. Long*, the Supreme Court extended the protective frisk of a person authorized in *Terry v. Ohio*, 392 U.S. 1 (1968), to vehicles. 463 U.S. 1032, 1049 (1983); see also *United States v. Ibarra-Sanchez*, 199 F.3d 753, 760 n.7 (5th Cir. 1999) (describing a *Long* search as a "Terry pat-down"

3

of a vehicle). The Court began by highlighting that "investigative detentions involving suspects in vehicles are especially fraught with danger to police officers." *Long*, 463 U.S. at 1047. It ultimately held that police may search "the passenger compartment of an automobile, limited to those areas in which a weapon may be placed or hidden," if the officers reasonably believe "that the suspect is dangerous and ... may gain immediate control of weapons." *Id*. at 1049.

When reviewing an officer's conduct in this context, the "touchstone of our analysis" is reasonableness. *Pennsylvania v. Mimms*, 434 U.S. 106, 108–09 (1977). The core question is "whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger." *Long*, 463 U.S. at 1050. To answer it, courts look to the totality of the circumstances. *United States v. McKinney*, 980 F.3d 485, 491 (5th Cir. 2020). While reasonable suspicion must be more than a "mere hunch," it is a "low threshold, requiring only a minimal level of objective justification." *United States v. Monsivais*, 848 F.3d 353, 357 (5th Cir. 2017); *United States v. Alvarez*, 40 F.4th 339, 345 (5th Cir. 2022).

Considering the totality of the circumstances, this search was reasonable. The defendant was reported to officers as a drug dealer. He delayed his traffic stop while making furtive hand movements towards the passenger side of his vehicle. This appeared to officers as an attempt to conceal. Under these facts, the limited search for weapons was reasonable. Sgt. Scheuermann located a small pouch he believed

4

could contain a knife or razor blade. He "had to make a quick decision as to how to protect himself and others from possible danger and took limited steps to do so." *Terry*, 392 U.S. at 28.

While the pouch did not contain a weapon, it did contain pills that defendant admitted he did not have a prescription for. The automobile exception allows police to search a vehicle if they have probable cause to believe that the vehicle contains contraband. *Maryland v. Dyson*, 527 U.S. 465, 466-67 (1999). A warrantless search is permissible under the automobile exception if (1) the officer conducting the search has "probable cause to believe that the vehicle in question contains property that the government may properly seize; and (2) exigent circumstances justified the search. *U.S. v. Castelo*, 415 F.3d 407, 412 (5th Cir. 2005). Exigent circumstances are supplied by the automobile's mobility. *United States v. Sinisterra*, 77 F.3d 101, 104 (5th Cir. 1996). Here, there was probable cause to believe the vehicle contained contraband based on the confidential informant's information, the officer's surveillance, the delayed stop, the furtive hand movements, and the unprescribed pills.

Finding the initial stop and search of the vehicle justified, it is not necessary for the court to address defendant's subsequent arguments that evidence seized after the initial traffic stop is fruit of the poisonous tree. However, even if there were deficiencies in the initial vehicle search, the subsequent searches were authorized by warrants obtained in good faith. The Fourth Amendment does not require

suppression of evidence obtained as a result of objectively reasonable reliance on a warrant, even if the warrant is subsequently invalidated. *U.S. v. Cherna*, 184 F.3d 403, 407 (5th Cir. 1999); citing *United States v. Leon*, 468 U.S. 897, 922 (1984). The officers involved in obtaining and executing the warrants in this case acted in good faith. Further, Caston and Aulder had no legitimate expectation of privacy in the recorded jail call, which represents independent criminal activity sufficient to rebut any allegation that Aulder's statements are fruit of the poisonous tree. Aulder was advised of her rights at the time her house was searched and before giving a statement to federal agents. No evidence obtained in this investigation requires suppression.

CONCLUSION

For the foregoing reasons, IT IS ORDERED that the motion to suppress evidence is DENIED.

New Orleans, Louisiana this __10th__ day of April 2026

_____
WILLIAM J. CRAIN
UNITED STATES DISTRICT JUDGE

6